UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

BRIAN BOYD                                                           PLAINTIFF

v.                                           CIVIL ACTION NO. 1:25-CV-9-GNS

BARREN COUNTY COURTS *et al.*                                        DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This is a *pro se* 42 U.S.C. § 1983 civil-rights action initiated by Plaintiff Brian Boyd.

Plaintiff filed a motion for motion for leave to proceed *in forma pauperis*.  Upon review, **IT IS**

**ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (DN 3) is **GRANTED**.

### I.

Plaintiff filed a complaint on his own paper (DN-1) and, in accordance with a Court order,

also completed a Court-supplied § 1983 complaint form (DN 1-2).  Plaintiff lists the following as

Defendants in this action – "Barren County Courts," Judge Gabriel Pendleton, County Clerk Julie

Wright Jolly, Deputy A. Maulden, Deputy Riley, Deputy Maxey, and "John/Jane Does."  Plaintiff

indicates that he is suing the individual Defendants in their individual capacities only.  In the body

of the original complaint, he also indicates that he is suing the Barren County Sheriff's Department

(BCSD), and writes as follows as to each Defendant:

1. Defendant [Barren County Courts] . . . is responsible for judicial operations within Barren County and is sued for unconstitutional policies and failure to properly train its employees.

2. Defendant Judge [] Pendleton . . . engaged in unconstitutional conduct, including denying Plaintiff due process, refusing to hear motions, and issuing unjust rulings that facilitated the unlawful actions of law enforcement.

3. Defendant BCSD . . . is sued for unconstitutional customs, practices, and failure to supervise/train officers.

4. Defendant Deputy [] Maulden . . . engaged in unlawful seizure, threats of excessive force, and deprivation of rights.

5. On multiple occasions . . . Plaintiff was subjected to unlawful stops, threats, and seizures by Deputy [] Maulden, Deputy Riley, and Deputy Maxey. . . .

6. Defendants repeatedly pulled their tasers on Plaintiff during these encounters. . . .

7. Plaintiff was wrongfully detained, arrested, and had property impounded and taken by the BCSD in violation of Plaintiff's constitutional rights.

8. These actions were taken as part of a pattern and practice of targeting individuals exercising their right to travel without justification. . . .

(DN 1).

On the complaint form, Plaintiff additionally alleges that Judge Pendleton ordered "excessive bail" in his criminal action and that Defendant Jolly "refused to filed documents sent to court on two occasions." (DN 1-2).

Plaintiff states that these allegations show that his rights to due process and equal protection were violated; that Defendants Maulden, Riley, and Maxey violated his rights to be free from unlawful seizure and excessive force under the Fourth Amendment; that the "Barren County Courts" and the BCSD failed to properly train and supervise employees which constitutes a violation under *Monell*; and that Judge Pendleton engaged in judicial misconduct and "acted outside judicial immunity by deliberately depriving Plaintiff of access to fair hearings and due process."

In the "Relief" section of the complaint form, Plaintiff requests compensatory and punitive damages. He attaches to the complaint form a "Fee Schedule" which seems to list what "fee" he is charging Defendants for their various "prohibited actions." The document states that it is a

"Self-Executing Contract" between the principal and the agent.  The document is signed "Brian Boyd  - sui juris, without prejudice, UCC-10308."

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must conduct an initial review of this action pursuant to 28 U.S.C. § 1915(e).  *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  However, while liberal, this standard of review does require more than the bare assertion of legal conclusions.  *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).  The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for the plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the court "to explore exhaustively all potential claims of a

*pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.

### A. State Defendants

#### 1. Barren County Courts

The "Barren County Courts" are part of Kentucky's judicial system.  *See* Ky. Const. §§ 109, 112, & 113.  A state, its agencies, and its officials are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).  Additionally, a state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it.  *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 143-45 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). The Commonwealth of Kentucky has not waived its immunity against § 1983 actions, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states.  *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)).

Thus, the Court will dismiss Plaintiff's claims against the "Barren County Courts" for failure to state a claim upon which relief may be granted and for seeking damages from an entity immune from such relief.  *See, e.g.*, *McKee v. Fayette Circuit Court*, No. 95-5011, 1995 U.S. App. LEXIS 37119, at *4 (6th Cir. 1995) (claim against circuit court barred by Eleventh Amendment); *Cope v. Jeferson Cnty. Circuit Court*, No. 3:15CV-P254-TBR, 2015 U.S. Dist. LEXIS 122624, at *5-6 (W.D. Ky. Sept. 15, 2015) (dismissing claim against the Jefferson County Circuit Court

Clerk's Office Bond Division because not a "person" subject to suit under § 1983 and barred by the Eleventh Amendment); *Benton v. City of Louisville Family Court Div.*, No. 3:14CV-263-S, 2014 U.S. Dist. LEXIS 114080 (W.D. Ky. Aug. 18, 2014) (dismissing claim against the "City of Louisville Family Court Div." as barred by the Eleventh Amendment); *Baltierra v. Fayette Circuit Court*, No. 5:13-398-DCR, 2013 U.S. Dist. LEXIS 177379, at *6 n.2 (E.D. Ky. Dec. 18, 2013) ("As a constitutional arm of government, the circuit courts are entitled to Eleventh Amendment immunity.").

### 2. Judge Pendleton

As set forth above, Plaintiff alleges that Judge Pendleton denied him due process and set an excessive bail amount during Plaintiff's criminal proceedings before him. "Judges are entitled to absolute immunity from suits for money damages for all actions taken in their judicial capacity, unless those actions are taken in the absence of any jurisdiction." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)). Judicial immunity is embedded in the long-established principle that "'a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1872)). Thus, because Plaintiff's complaint pertains only to actions taken by Judge Pendleton in his judicial capacity and within his jurisdictional authority, the individual-capacity claim against Judge Pendleton must be dismissed as barred by judicial immunity.

### 3. Defendant Jolly

Plaintiff alleges that Defendant Jolly, as the Barren County Clerk, refused to file documents he sent to the "Barren County Courts." "Judicial employees are immune from damages for the

performance of quasi-judicial duties." *Wojnicz v. Davis*, 80 F. App'x 382, 383 (6th Cir. 2003) (citing *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994)). This doctrine applies to 'non-judicial officials performing tasks so integral or intertwined with the judicial process that [they] are considered an arm of the judicial officer who is immune.'" *Williams v. Parikh*, No. 24-3059, 2024 U.S. App. LEXIS 22602, at *5-6 (6th Cir. Sept. 4, 2024) (quoting Bush, 38 F.3d at 847). Here, Defendant Jolly is entitled to quasi-judicial immunity because Plaintiff's allegations against her are based on actions she took while performing quasi-judicial duties. *See Williams*, 2024 U.S. App. LEXIS 22602, at *5-6 (holding claim against county clerk for refusing to file a complaint was subject to dismissal based on doctrine of quasi-judicial immunity); *Otworth v. Dorwin*, No. 20-2153, 2021 U.S. App. LEXIS 14050 (6th Cir. May 11, 2021) (same); *Wojnicz v. Davis*, 80 F. App'x at 383-384 (dismissing claim against state supreme court clerk for allegedly rejecting state habeas petition for filing as barred by doctrine of quasi-judicial immunity); *Qualls v. Crow*, No. 2:23-cv-3889, 2023 U.S. Dist. LEXIS 224683, at *9-10 (S.D. Ohio Dec. 18, 2023) (dismissing claims against state-court clerk where the plaintiff alleged the clerk had destroyed trial court records and failed to transmit records to the state court of appeals); *Pascoe v. Cabressa*, No. 3:23-cv-007-RGJ, 2023 U.S. Dist. LEXIS 106149, at *4-5 (W.D. Ky. June 20, 2023) (dismissing claim against state-court clerk for denying the plaintiff's requests to reschedule a hearing in his criminal action as barred by the doctrine of quasi-judicial immunity).

Thus, Plaintiff's claims against Defendant Jolly must be dismissed because her actions are protected by the doctrine of quasi-judicial immunity.

### B. Barren County Defendants

#### 1. Deputies Maxey, Maulden, and Riley

Plaintiff asserts that these Defendants violated his rights under the Fourth Amendment by using excessive force against him (pulling a taser), unlawfully detaining him, arresting him, and seizing his property on multiple occasions.  Plaintiff provides no factual matter in support of these claims.  He offers only legal conclusions.  Thus, because the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" as to these claims, the Court will dismiss them for failure to state a claim upon which relief may be granted. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

#### 2. BCSD/Barren County

As to the BCSD, the Sixth Circuit has held that a sheriff's department is not a legal entity subject to suit under § 1983.  *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991).  In this situation, Barren County is the proper Defendant.  *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (holding that since the police department is not an entity which may be sued, the county is the proper party).

When a § 1983 claim is made against a municipality or county, a court must analyze two distinct issues:  (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality or county is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  Because the Court above concluded that Plaintiff has failed to sufficiently allege that he suffered any constitutional violation at the hands of a Barren County official, Plaintiff's claims against Barren County also fail to state a claim upon which relief may be granted.

Thus, Plaintiff's claims against BCSD/Barren County will also be dismissed for failure to state a claim upon which relief may be granted.

### C.  Other Claims

#### 1.  First Amendment

The First Amendment protects multiple rights.  *See* U.S. Const. amend. I.  Plaintiff does not identify which First Amendment right was violated by a Defendant and the Court can discern none based upon Plaintiff's allegations.  Thus, the Court will dismiss this claim for failure to state a claim upon which relief may be granted.

#### 2.  Fifth Amendment

The Fifth Amendment "circumscribes only the actions of the federal government."  *Scott v. Clay Cnty., Tenn.*, 205 F.3d 867, 873 n.8 (6th Cir. 2000) (citing cases); *see also* U.S. Const. amend. V.  Thus, because Plaintiff's claims pertain only to state actors, any Fifth Amendment claim must also be dismissed for failure to state a claim upon which relief may be granted.

#### 3.  Sixth Amendment

The Sixth Amendment protects various rights in the context of criminal prosecutions. *See* U.S. Const. amend. VI.  Here, Plaintiff does not identify which Sixth Amendment right was violated and the Court can discern none based upon Plaintiff's allegations.  Thus, the Court will dismiss this claim for failure to state a claim upon which relief may be granted.

#### 4.  Eighth Amendment

The Eighth Amendment protects convicted prisoners from "unnecessary and wanton infliction of pain."  U.S. Const. amend. VIII.  Thus, because Plaintiff is not a convicted prisoner, this claim must also be dismissed for failure to state a claim upon which relief may be granted.

### 5.  Fourteenth Amendment

To the extent that Plaintiff asserts that his rights were violated under the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment, these claims also fail.  The complaint lacks sufficient factual matter to state a plausible claim under either of these Fourteenth Amendment provisions.  Thus, Plaintiff's Fourteenth Amendment claims must also be dismissed for failure to state a claim upon which relief may be granted.

### 6.  Right to Travel

Finally, the Court turns to Plaintiff's assertion that his "right to travel" has been violated. The Supreme Court has identified the right to travel from one state to another as a fundamental right of United States citizenship.  *See Saenz v. Roe*, 526 U.S. 489, 500-01 (1999).  This right has three components: (1) the right of a citizen of one state to enter and to leave another state; (2) the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second state; and (3) for those travelers who elect to become permanent residents, the right to be treated like other citizens of that state.  *Id*. at 500.  The complaint contains no allegations in support of any of these components.  Thus, the Court finds that this claim too must be dismissed for failure to state a claim upon which relief may be granted.

### IV.

The Court will enter a separate Order dismissing this action consistent with this Memorandum Opinion and Order.

Date:  May 9, 2025

Greg N. Stivers, Chief Judge
United States District Court

cc:      Plaintiff, *pro se*
4416.011

9